Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about December 3, 2012, which granted the motion to dismiss the complaint made by defendants Serhiy Hoshovsky and Iryna Kryakina, unanimously affirmed, with costs.
Plaintiff is correct that the motion court should not have considered the affidavit of the director of the corporate defendant’s parent. The affidavit, which was in a foreign language, was translated into English but was not accompanied by an affidavit from the translator (CPLR 2101 [b]).
Even without considering the affidavit, the claims against the individual defendants, which are based on piercing the corporate veil, were properly dismissed. The allegations of corporate domination are wholly conclusory and consist of no more than a recitation of the elements of the claim, “upon information and belief.” Moreover, the documents, and the complaint itself, show that the individual defendants are not owners of the corporate defendant, but mere employees or officers. As such, there is no explanation of how any domination was for their personal gain. Finally, the failure to allege any fraud or unjust conduct is fatal to the complaint, especially since the corporate defendant performed under the five year lease at issue for almost four years (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339-340 [1998]). Concur — Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.